UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DOUGLAS K. MURDOCH and　　　　　　　　　Case No.
　　　NANCY L. MURDOCH　　　　　　　　　　Hon. Judge
　　　　　　　　　　　　　　　　　　　　　Magistrate Judge

　　　　　Plaintiff,

-vs-

FORD MOTOR COMPANY

　　　　　Defendant,

_____

MURDOCH LAW FIRM, PLLC.
BY:  SCOTT D. MURDOCH (P46424)
Attorney for Plaintiff
6200 Schaefer Road
Dearborn, Michigan 48126
(313) 943-3350
Fax 313-943-3350
smurdoch@murdochlawfirm.com
_____

COMPLAINT

Plaintiff states:

Nature of Action and Jurisdiction

1. This is a civil complaint brought under ERISA §502, 29 USC 1132, and federal common law, regarding breach of the terms of an employee benefit plan and breach of fiduciary duty, for the purpose of compelling Defendants to provide certain health benefits in the amounts and at the coverage levels promised and for an accounting, recovery of damages, costs, and attorney fees incurred as a consequence of Defendants' failure to do so.

2. This Court has jurisdiction pursuant to ERISA §§502(e)(1), (f), 29 USC 1132(e)(1), (f), and 28 USC 2201.

3. Venue properly lies in this District pursuant to ERISA §502(e)(2), 29 USC 1132(e)(2).

Parties and General Allegations

4. Plaintiff DOUGLAS K. MURDOCH is a participant, within the meaning of ERISA §3(7), 29 USC 1002(7), in a welfare benefit plan called "Health Reimbursement Arrangement Plan" ("Plan") by virtue of his former employment with Ford Motor Company. Plaintiff resides in the City of Dearborn, Michigan.

5. Plaintiff NANCY L. MURDOCH is the wife of the participant, and entitled to benefits within the meaning of ERISA §3(7), 29 USC 1002(7), in a welfare benefit plan called "Health Reimbursement Arrangement Plan" ("Plan") by virtue of her marriage to the retired employee. Plaintiff resides in the City of Dearborn, Michigan.

6. Defendant Plan is a welfare benefit plan within the meaning of ERISA §3(1), 29 USC 1002(1). The Plan was issued by defendant. A copy of the Handbook and Updates to the Plan is attached as Exhibit A.

7. On or about January 15, 2004, Plaintiff DOUGLAS K. MURDOCH became entitled to payment of monthly benefits as a retiree. On that same date, Plaintiff NANCY L. MURDOCH became eligible for benefits as a spouse.

8. Despite being a Retiree, the Plaintiff DOUGLAS K. MURDOCH had not worked for the Defendant since approximately 1990 when the division of the Defendant Company was sold and the Plaintiff because an employee of Rouge Steel Corporation.

9. The Plaintiff DOUGLAS K. MURDOCH did not receive regular benefit communications from the Defendant regarding retirement and benefits until he was qualified for retirement approximately 2004.

10. Because the Plaintiff DOUGLAS K. MURDOCH was employed and eligible for other health insurance in 2004 he waived the current health insurance benefits for himself and his spouse

because he had health insurance coverage and it was not necessary to have additional insurance and an additional co pay.

11. During the period that the Plaintiff DOUGLAS K. MURDOCH waived his health insurance coverage the Defendant changed it health insurance plan to the "Health Reimbursement Arrangement Plan" the "Plan".

12. Pursuant to the terms of the Plan, prior to reaching age 65 the Plaintiff DOUGLAS K. MURDOCH contacted the Defendant through the Nation Employee Service Center (NESC) and confirmed that "he would be automatically enrolled in the Plan" and that upon reaching the required age his spouse Plaintiff NANCY L. MURDOCH would also be "automatically enrolled in the Plan".

13. The Plaintiff DOUGLAS K. MURDOCH received his Plan benefit payments automatically as promised by the Defendant.

14. The Plaintiff NANCY L. MURDOCH did not receive her benefit payments automatically as promised by the Defendant.

15. As both Plaintiffs were still employed they did not need to access the Plan benefits until Plaintiff DOUGLAS K. MURDOCH lost his employment and needed to access to the accrued benefits from the reimbursement account.

16. Upon reviewing the accrued benefits, the Plaintiffs realized that the Plan had not deposited benefits payment in the full amount for himself and his spouse.

17. After contacting the Defendant through the NESC the Defendant informed the Plaintiff that Plaintiff NANCY L. MURDOCH was not automatically enrolled and that benefits had not accrued in the account for her.

MURDOCH LAW FIRM
6200 SCHAEFER ROAD
DEARBORN, MICHIGAN 48126-2211
PHONE 313-943-3350 · FAX 313-943-3358
WWW.MURDOCHLAW.NET

18. On or about April 25, 2011, Plaintiffs requested in writing that the accrued benefits from the Plan be deposited into the account by the Defendant.  See Exhibit B.

19. On or about May 9, 2011, Plaintiffs further requested in writing that the accrued benefits from the Plan be deposited into the account by the Defendant as the benefits were already accrued simply NOT deposited.  See Exhibit C.

20. On or about August 31, 2011, Plaintiff's received a letter from Company that the claim for deposit of the accrued benefits into the HRA Plan account was denied.  See Exhibit D.

21. On October 26, 2011, the Plaintiffs formally appealed the denial of the claim in accordance with the Plan's claims review and appeal procedure.  At that time the Plaintiffs requested multiple Plan Documents.  See Exhibit E.

22. On or about, April 25, 2012 the Defendant denied the appeal claim but failed to send the requested Plan documents.  See Exhibit F.

23. Despite repeated demand by Plaintiffs, Defendant has failed to deposit the accrued benefits into the Plan account.

## Count I

Action Under ERISA §502(a)(1)(B), 29 USC 1132(a)(1)(B), to Recover Full Benefits

24. Plaintiff incorporates by reference paragraphs 1 through 23.

25. The failure to deposit accrued Plan benefits to the Plaintiff's HRA Plan account and the determination that Plaintiffs are not entitled to the benefits is a direct violation of the terms of the Plan and contrary to the promise of paid benefits.

## Count II

Action Under ERISA §502(a)(3), 29 USC 1132(a)(3), to Remedy Breach of Fiduciary Duty

26. Plaintiff incorporates by reference paragraphs 1 through 25.

27. Pursuant to ERISA §404(a), 29 USC 1104(a), as fiduciary with respect to the Plan, Company has and had a duty to discharge its duties with respect to the Plan solely in the interest of the Plan participants and their beneficiaries, and

   a. for the exclusive purpose of providing benefits to Plan participants and their beneficiaries and defraying reasonable expenses of administering the Plan; and

   b. with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; and

   c. in accordance with the Plan documents and instruments insofar as such documents and instruments are consistent with the provisions of Titles I and IV of ERISA.

28. Company's actions in failing to pay the accrued benefits to the Plaintiff and provide an accurate accounting of their benefits is in violation of each and every one of its fiduciary duties as set forth above.

Prayer for Relief

PLAINTIFF REQUESTS that the Court grant the following relief:

   a. a declaratory judgment pursuant to ERISA §502(a)(1)(B), 29 USC 1132(a)(1)(B), and 28 USC 2201, declaring that Plaintiff is entitled to payment of the accrued Plan benefits in the proper amounts as set forth in the Plan in effect at the time benefits became payable and that Company has violated the Plan and its fiduciary duties by not paying these benefits;

Murdoch Law Firm
6200 Schaefer Road
Dearborn, Michigan 48126-2211
Phone 313-943-3350 · Fax 313-943-3358
www.murdochlaw.net

b. a full and accurate accounting by Defendant of all computations for Plaintiffs accrued benefit payments, in sufficient detail so that Plaintiff may ascertain that their benefits are being paid in the proper amount;

c. an order compelling Defendant to pay Plaintiff forthwith the full amount of benefits due to them and to continue such payments for the period set forth in the Plan, including interest on all unpaid benefits;

d. disgorgement of any profits or gain Defendants have obtained as a result of the wrongful action alleged in this complaint and equitable distribution of any profits or gain to Plaintiff;

e. reasonable attorney fees and costs, pursuant to ERISA §502(g)(1), 29 USC 1132(g)(1);

f. such other relief as may be just and appropriate.

I have read the forgoing and verify the statements in my complaint as correct and true.

Date: March 5, 2013                \s\ Douglas K. Murdoch
                                   Douglas K. Murdoch

Date: March 5, 2013                \s\ Nancy L. Murdoch
                                   Nancy L. Murdoch

Respectfully submitted:

Dated: September 15, 2011          \s\Scott D. Murdoch
                                   Scott D. Murdoch (P46424)
                                   Attorney for Plaintiff
                                   6200 Schaefer Road
                                   Dearborn, MI 48126
                                   313.943.3350

Murdoch Law Firm
6200 Schaefer Road
Dearborn, Michigan 48126-2211
Phone 313.943.3350 · Fax 313.943.3358
www.murdochlaw.net